**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROMEO'S PARTY STORE, INC.,

                 Plaintiff,

     v.

CAPITOL INDEMNITY
CORPORATION,

             Defendant.

Case No. 15-11835
Hon. Terrence G. Berg

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DKT. 19)**

## I.  INTRODUCTION

Plaintiff, unsatisfied with the money recovered for property losses under an insurance policy with Defendant, sued for more. As the lawsuit progressed, Defendant learned that Plaintiff was not the owner of the insured property despite having represented on the application for insurance that it was. Defendant now moves for summary judgment on both Plaintiff's claims and its own counterclaim. For the reasons stated below, Defendant's motion is **GRANTED**.

## II.  BACKGROUND

On June 12, 2014, Plaintiff was operating a party store in Unit 2 of a multi-unit building located at 70951 Van Dyke Road in Romeo, Michigan when the unit was damaged by fire. Dkt. 19, Pg. ID 106. At that time, Plaintiff had an insurance policy with Defendant. Dkt. 19, Pg. IDs 106, 109.

After the fire, Plaintiff submitted an insurance claim, and Defendant paid Plaintiff $175,088.81 for business personal property loss and business income loss. Dkt. 19, Pg. ID 106. Plaintiff was not satisfied with its recovery, however, and filed this lawsuit seeking to recover an additional $99,894.18 for improvements and betterments including acoustical treatment, electrical work, heating and cooling work, and other things. Dkt. 19, Pg. ID 106.

During discovery, Defendant learned that Plaintiff did not own Unit 2. On the application for insurance, however, Plaintiff had marked the box for "owner."

| LOC # | BLD # | STREET, CITY, COUNTY, STATE, ZIP+4 | CITY LIMITS | | INTEREST | | YR BUILT | # EMPLOYEES | ANNUAL REVENUES | % OCCUPIED |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | X INSIDE | X OWNER | | | | | | |
| 01 | 01 | 70951 Van Dyke Unit 2 Romeo MI 48065 Macomb | OUTSIDE | TENANT | | | 2011 | 3 | ~~349,676~~ 261,721.02 | 100 |

Dkt. 19, Ex. 10, p. 10. In fact, Plaintiff, the corporate entity Romeo's Party Store, Inc., had never owned Unit 2; Vinisia Bahoura, who owned Plaintiff, had herself purchased Unit 2 on a land contract in 2010 but lost the property to Fifth Third Bank. Indeed, Fifth Third became the owner of Unit 2 more than two years before Plaintiff applied for insurance. Dkt. 19, Pg. ID 110. Fifth Third's ownership came to pass as follows:

> **Prior to 2010**: George Adams owned all units at 70951 Van Dyke Rd., but had loans with Fifth Third
>
> **2010**: Vinisia Bahoura, owner of Plaintiff, purchased Unit 2 from Adams via land contract
>
> **2011**: Adams defaulted on loans with Fifth Third, and a foreclosure receiver was appointed
>
> **2011**: Foreclosure receiver notified Bahoura of Adams's default, and requested that land contract payments be made to Fifth Third. Bahoura did not make the payments.

2

**November, 2011**: Foreclosure receiver filed lawsuit against Bahoura for possession after land contract forfeiture.

**February, 2012**: Fifth Third became owner of 70951 Van Dyke Rd., Units 2-7, via Sheriff's Deed.

**April, 2012**: Judgment of forfeiture entered against Bahoura.

**June, 2012**: Redemption period expired without Bahoura redeeming

Dkt. 19, Pg. IDs 110-111.

After learning these facts, Defendant filed a counterclaim to recover the difference between what it paid Plaintiff under the policy and the premiums Plaintiff paid for the policy: $172,176.81. Defendant now seeks summary judgment on both its counterclaim and Plaintiff's claims. Dkt. 19.

## III. ANALYSIS

### A. Standard of Review

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

3

"As the moving parties, the defendants have the initial burden to show that there is an absence of evidence to support [plaintiff's] case." *Selhv v. Caruso*, 734 F.3d 554 (6th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)).

**B. Discussion**

Defendant asserts one argument in support of summary judgment on both Plaintiff's claims and its counterclaim: Defendant may rescind the policy because Plaintiff made a material misrepresentation in the application by stating that it owned Unit 2 when it did not. Dkt. 19, Pg. IDs 112-113. And Defendant asserts two additional arguments in support of summary judgment on Plaintiff's claims: (1) that Plaintiff is not entitled to compensation for its lost use-value of the improvements and betterments and alternatively (2) that Plaintiff had no insurable interest in the property at the time it applied for insurance. Dkt. 19, Pg. IDs 113, 117. Because the Court finds that Plaintiff's misrepresentation as to its ownership of Unit 2 allows Defendant to rescind the policy, the Court will not reach the latter two arguments.

### 1. Defendant may rescind the policy because Plaintiff misrepresented who owned Unit 2

In Michigan, "[i]t is the well-settled law . . . that where an insured makes a material misrepresentation in the application for insurance . . . the insurer is entitled

to rescind the policy and declare it void ab initio" (void from the outset). *Lake States Ins. Co. v. Wilson*, 231 Mich. App. 327, 331 (1998) (citing *Lash v Allstate Ins. Co.*, 210 Mich. App. 98, 101 (1995)). When the misrepresentation is innocent rather than intentional, the insurer may still rescind the policy so long as the insurer relied on the misrepresentation when issuing the policy. *Lash*, 210 Mich. App. at 103. A misrepresentation is material when, as a result of the representation, the insurer issued the policy when it otherwise would not have done so. *See Springborn v. Allstate Ins. Co.*, 2010 Mich. App. LEXIS 1893, at *14-15 (Mich. Ct. App. 2010).

Here, Defendant offers evidence that it would not have issued the policy had it known that Plaintiff did not own Unit 2. Dkt. 19, Pg. IDs 112-113. Specifically, Defendant submits a declaration from Susan Duhr, a Regional Underwriting Manager of Defendant. Dkt. 19, Ex. 18. Ms. Duhr states that she reviewed Plaintiff's policy application and that Defendant would not have issued the policy had it known that Plaintiff did not own Unit 2. *Id.*

Unfortunately, Plaintiff's response to Defendant's argument consists of only the following two sentences:

> Exhibit 7 is in contradiction to the allegations of Defendant including Exhibit 10.  This raises issues of credibility as to Defendants entitlement of a judgment on the facts and under Rule 56.

Dkt. 20, Pg. ID 445. This is confusing because, in citing "Exhibit 7," Plaintiff does not specify whether it is referring to Defendant's Exhibit 7 or to Plaintiff's own Exhibit 7. Plaintiff's Exhibit 7 (Dkt. 20-4) is a copy of Plaintiff's policy application. If this is the

Exhibit 7 Plaintiff intends to reference, it is difficult to understand why it is "in contradiction to the allegations of Defendant including Exhibit 10" because Defendant's Exhibit 10 is also a copy of the policy application. Dkt. 19-11. Both of these applications incorrectly list Plaintiff as the owner of the property, so there is no contradiction that the Court can see.

If Plaintiff is referring to Defendant's Exhibit 7, that exhibit is a copy of Plaintiff's answers to Defendant's request for admissions. Dkt. 19-8. In answer to Defendant's request to admit that Plaintiff did not own Unit 2 at the time of the policy application, Plaintiff responds that "there had been legal proceedings" and that it had not yet been evicted when it applied for insurance. If Plaintiff is referring to *this* Exhibit 7, it is still difficult to understand how Plaintiff's answer creates an issue of fact when compared to the policy application. If Plaintiff's answer was intended to suggest that because it had not yet been evicted, it had some sort of ownership interest in Unit 2, this would be *consistent* with checking "owner" on the application—it would not be a contradiction that creates an issue of credibility. Such an answer would also be flawed because lack of eviction does not confer ownership. Plaintiff's perception that legal proceedings were pending that concerned its possible eviction creates neither an issue of credibility nor an issue of fact. Even an innocent misrepresentation can support rescission where the insurance company relied on the misrepresentation. *Lash*, 210 Mich. App. at 103. Plaintiff's response creates no issue of fact upon which Plaintiff can rely to survive Defendant's motion.

Through record evidence including the policy application, court documents from the foreclosure proceedings, and Ms. Duhr's declaration, Dkt 19, Exs. 10, 13-15, 17, and 18, Defendant has established that:

- Plaintiff represented in its policy application that it owned Unit 2;
- At the time of the application, Plaintiff did not own Unit 2; and
- Had Plaintiff represented in its application that it did not own Unit 2, Defendant would not have issued the policy

Plaintiff adduces nothing to contest these facts. Defendant's showing is enough under Michigan law to allow it to rescind the policy, which defeats Plaintiff's claims and means Defendant is entitled to recover the money it paid Plaintiff under the policy, minus the premiums Plaintiff paid for the policy.

Before concluding, the Court notes that Ms. Duhr's declaration suffers from an unfortunate lack of detail.

### DECLARATION UNDER PENALTY OF PERJURY OF SUE DUHR

1. I am employed by Capitol Indemnity Corporation as Regional Underwriting Manager.

2. I have reviewed the application for insurance submitted on March 6, 2014.

3. I also have reviewed the Judgment of Possession after Land Contract Forfeiture entered in 42-1 Judicial District Court, Case No. LT-110589, on April 6, 2012.

4. Had the March 6, 2014 application disclosed the true facts, Capitol Indemnity Corporation would not have issued a policy for the 2014-2015 policy year.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2016.

By: _Susan Duhi_

Sue Duhr        *date: 4-22-16*

7

To be sure, a short declaration is not necessarily troublesome; too often lawyers take 20 pages to say what could be said in 10—or even in 3. But here, Ms. Duhr, with the benefit of hindsight, was in a position to state with clarity why Defendant would not have issued the policy if Plaintiff had correctly stated that it was operating a party store out of Unit 2 without an ownership interest in the property, with no formal lease agreement, and with no informal relationship with Fifth Third Bank that would have created a legally protectable interest in the property. Does Defendant have internal guidelines or rules that prevent it from issuing the type of policy provided here to entities or individuals with no ownership interest and no formal or informal landlord-tenant relationship with the owner? If Defendant does issue such policies, would the premiums be higher? Are there aspects of the insurance business that would make it inappropriate for an insurer to issue a policy such as the one Defendant issued to Plaintiff when another entity owns the property? Would the insurer's risk be higher? Although Ms. Duhr's declaration says Defendant would not have issued the policy if the true facts were disclosed, the declaration does not include a concrete explanation of why that is so. However, in the absence of some reason to conclude that Defendant would have issued the policy even had it known that Plaintiff did not own Unit 2, the declaration provides unrebutted proof that Plaintiff's misstatement caused Defendant to issue a policy that it otherwise would not have issued—evidence sufficient to prove a material misrepresentation allowing rescission.

The Court finds that there are no issues of material fact, and that the facts would require a reasonable jury to find for Defendant both on Plaintiff's claims and on Defendant's counterclaim.

## IV. CONCLUSION

For the reasons outlined above, Defendant's Motion for Summary Judgment, both with respect to Plaintiff's claims against Defendant and Defendant's counterclaim against Plaintiff, is **GRANTED**.

**SO ORDERED.**

Dated: December 29, 2016                          s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on December 29, 2016, using the CM/ECF system, which will send notification to all parties.

                                                  s/A. Chubb
                                                  Case Manager

9